IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW KEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-00156-CV-W-LMC |
| | ) | |
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On March 5, 2024, Defendant T-Brothers Logistics, LLC, removed this action to this Court. (Doc. #1.) After reviewing the Notice of Removal, this Court directs Defendant T-Brothers Logistics, LLC to provide the Court with information necessary to confirm that this Court may exercise jurisdiction in this matter.

Federal courts have an independent obligation to confirm that jurisdiction is proper. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (*overruled on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). The Defendant, as the proponent of federal jurisdiction, has the duty to demonstrate that federal jurisdiction is appropriate. *Moore v. Kansas City Public Schools*, 828 F.3d 687, 692 (8th Cir. 2016). In removing the matter to this Court, the Defendant T-Brother Logistics, LLC, asserted that removal jurisdiction was proper pursuant to 28 U.S.C. § 1332, because the amount in controversy was greater than $75,000 and there is complete diversity of citizenship among the parties. (Doc. #1 at 2.)

For purposes of determining citizenship, an LLC is a citizen of every state in which its members are citizens. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The Defendant asserts that the three owners/members of Defendant T-Brothers Logistics, LLC *reside* in either Minnesota or Idaho. (Doc. #1 at 2.) In the Eighth Circuit, the citizenship of each member of an LLC must be affirmatively stated. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (finding that "Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.") Residency is not the same as citizenship, and "will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that "[t]his is not [a] new" rule.) Therefore, Defendant has not provided this Court with sufficient information in order to determine the citizenship of the owners/members of Defendant T-Brothers Logistics, LLC.

This Court finds that Defendant T-Brothers Logistics, LLC has not properly alleged diversity jurisdiction. On or before June 4, 2024, Defendant T-Brothers Logistics, LLC shall file an Amendment by Interlineation to its Notice of Removal, providing the Court with additional information establishing the citizenship of the owners/members of Defendant T-Brothers Logistics, LLC. Failure to file such will result in remand.

IT IS SO ORDERED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE